UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

GRETCHEN FENTON,           )
         Plaintiff     )
                       )
                       )
                       )
     v.           )   Civil Action No. 10-30007-MAP
                       )
                       )
                       )
UNIVERSITY OF MASSACHUSETTS,  )
         Defendant    )

REPORT AND RECOMMENDATION WITH REGARD TO DEFENDANT'S MOTION
TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT (Document No. 9)
September 10, 2010

NEIMAN, M.J.

     Gretchen Fenton ("Plaintiff"), proceeding *pro se*, has filed a four-count amended complaint against her former employer, the University of Massachusetts ("Defendant"), claiming that her termination as a food service worker violated both Title I of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12101 *et seq.*, as well as Mass. Gen. L. ch. 151B ("chapter 151B"), and also constituted a breach of contract. Defendant, in turn, has moved to dismiss Plaintiff's amended complaint on jurisdictional grounds, *see* Fed. R. Civ. P. 12(b)(1), as well as for allegedly failing to state claims upon which relief may be granted, *see* Fed. R. Civ. P. 12(b)(6).

     Defendant's motion to dismiss has been referred to this court for a report and recommendation. *See* 28 U.S.C. § 636(b)(1)(B) and Fed. R. Civ. P. 72(b). For the reasons indicated below, this court believes that Defendant's sovereign immunity

protects it from Plaintiff's claims in federal court and, hence, will recommend that the motion to dismiss be allowed pursuant to Rule 12(b)(1).  As a result, the court will not address Defendant's Rule 12(b)(6) arguments.

## I. STANDARD OF REVIEW

The First Circuit has held that the proper vehicle for challenging a court's subject-matter jurisdiction via a sovereign immunity defense is Federal Rule of Civil Procedure 12(b)(1).  *See Valentin v. Hosp. Bella Vista*, 254 F.3d 358, 362-63 (1st Cir. 2001); *Murphy v. United States*, 45 F.3d 520, 522 (1st Cir. 1995).  Pursuant to that rule, the court must construe the complaint liberally, treat all well-pleaded facts as true, and accord the plaintiff the benefit of all reasonable inferences.  *Murphy*, 45 F.3d at 522.  In the end, however, "the party invoking the jurisdiction of a federal court carries the burden of proving its existence."  *Id.* (citations and internal quotation marks omitted).

## II. BACKGROUND

The following facts come from Plaintiff's amended complaint.  Plaintiff worked for Defendant as a food service employee from 1997 until her termination on May 8, 2007.  (Amended Compl. ¶¶ 6-7, 22.)  In September or October of 2006, the exact date being unclear, Plaintiff registered with Defendant's Disability Office and requested accommodation for her asserted disability, alcoholism.  (*Id.* ¶¶ 10-11.)  At around the same time, Plaintiff was stopped by University police and found to be operating her vehicle under the influence of alcohol.  (*Id.* ¶ 12.)  On October 26, 2006, Plaintiff and Defendant entered into a "Last Chance Agreement" which, in essence, allowed Plaintiff to keep her job subject to increased oversight and random alcohol testing.  (*Id.* ¶¶ 12-

15.)

On May 8, 2007, pursuant to the Last Chance Agreement, Plaintiff was administered a random alcohol test which registered a blood alcohol level of between 0.044 and 0.05.  (*Id.* ¶ 22.)  According to Plaintiff, this "trace" amount of alcohol was significantly below Massachusetts' "impairment" limit of 0.08.  (*Id.* ¶¶ 23-27.)  Nonetheless, Defendant immediately terminated Plaintiff's employment pursuant to the Last Chance Agreement.  (*Id.* ¶ 25.)  In response, Plaintiff filed a charge of disability discrimination with the Massachusetts Commission Against Discrimination and the Equal Employment Opportunity Commission, received a "right to sue letter" on or about October 5, 2009, and commenced this action on January 5, 2010.  (*Id.* ¶¶ 3-4.)[1]

Plaintiff's amended complaint contains four causes of action.  In Count I, Plaintiff alleges "disability discrimination" in violation of Title I of the ADA and chapter 151B.  In Count II, Plaintiff alleges "breach of contract," *i.e.*, breach of the Last Chance Agreement.  In Count III, Plaintiff alleges "failure to make a reasonable accommodation" in violation of Title I of the ADA and chapter 151B.  And in Count IV, Plaintiff alleges "retaliation" in violation of Title I of the ADA and chapter 151B.

### III. DISCUSSION

As will be described, this court believes that Defendant is sovereignly immune from Plaintiff's claims in federal court and, accordingly, will recommend pursuant to

---

[1] In an initial motion to dismiss which targeted Plaintiff's original complaint, Defendant asserted that this action was not timely filed, *i.e.*, that it was brought more than ninety days after Plaintiff received her right-to-sue letter.  Since Defendant has not pursued that argument in its present motion to dismiss Plaintiff's amended complaint, the court deems it abandoned.

Rule 12(b)(1) that Defendant's motion to dismiss be allowed on jurisdictional grounds. As a result, this court will not address Defendant's alternative Rule 12(b)(6) argument that Plaintiff's amended complaint fails to state claims upon which relief may be granted. *See Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) ("Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.").

As a public institution, Defendant is an arm of the Commonwealth of Massachusetts which, for its part, enjoys sovereign immunity under the Eleventh Amendment to the United States Constitution. "Although the Eleventh Amendment does not expressly bar suits in federal court against a state by its own citizens, it has consistently been read to preclude such actions in the absence of a waiver of the state's immunity to suit. Thus, this court is without jurisdiction to grant relief directly against the Commonwealth or its agencies unless the Commonwealth has consented to the filing of [a particular] action." *McGuigan v. Conte*, 629 F. Supp. 2d 76 (D. Mass. 2009) (citing *Alabama v. Pugh*, 438 U.S. 781 (1978); *Edelman v. Jordan*, 415 U.S. 651 (1974); *Hans v. Louisiana*, 134 U.S. 1 (1890); *Massachusetts Hosp. Ass'n v. Harris*, 500 F. Supp. 1270, 1277 (D. Mass. 1980)) (internal quotation marks omitted).

In the instant case, Plaintiff has not demonstrated that Defendant has waived its sovereign immunity in federal court with respect to the causes of action raised in her amended complaint. *See Galliher v. Astrue*, 2010 WL 2204235, at *1 (D. Mass. May 26, 2010) ("A plaintiff bears the burden of proving the existence of subject matter

4

jurisdiction-that is, a waiver of sovereign immunity.") (citing cases). *Accord Hanley v. United States*, 1994 WL 723678, at *2 (1st Cir. Oct. 5, 1994) (unreported). Nonetheless, given Plaintiff's *pro se* status, the court will analyze the sovereign immunity question with regard to Plaintiff's ADA, chapter 151B and breach of contract causes of action. *See Raineri v. United States*, 233 F.3d 96, 97 (1st Cir. 2000) ("The federal courts historically have been solicitous of the rights of pro se litigants.") (citing, *inter alia*, *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).

As for Plaintiff's ADA claims (included in Counts I, III and IV), the Supreme Court has spoke clearly: "Congress did not validly abrogate the States' sovereign immunity from suit by private individuals for money damages under Title I" of the ADA. *Board of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 374 n.9 (2001). *See also Navedo v. Maloney*, 172 F. Supp. 2d 276, 287 (D. Mass. 2001) ("'[t]he holding of *Garrett* . . . allows states to invoke sovereign immunity when faced with claims for money damages under Title I of the A.D.A.'") (quoting *Doe v. Rowe*, 156 F. Supp. 2d 35, 56-57 (D. Me. 2001)). To be sure, in *Edelman*, the Court -- construing *Ex parte Young*, 209 U.S. 123 (1908) -- explained that if a plaintiff is seeking *prospective* injunctive relief against a *named official*, the suit might not violate the Eleventh Amendment. *See id.*, 415 U.S. at 664. *See also Garrett*, 531 U.S. at 374 n.9. Indeed, Plaintiff appears to recognize that potential exception, noting that she seeks "reinstatement" in addition to a host of money damages (*e.g.*, back pay, benefits, compensatory, damages for emotional distress, statutory penalties, punitive damages, costs, and attorneys' fees) for the alleged ADA violations. (See Amended Compl. ¶ 50.) Plaintiff, however, has not sued any named

official, only the University itself. Accordingly, the *Edelman/Ex parte Young* exception is unavailable to her and the court must thus recommend that her ADA claims be dismissed in their entirety. *See Jones v. State of La. ex rel. Trustees for State Colleges & Univ.*, 764 F.2d 1183, 1185 n.2 (5th Cir. 1985) ("[A]n individual state official must be named as a defendant to maintain an action for injunctive relief.").

Plaintiff's chapter 151B claims (also in Counts I, III, and IV) can also be dealt with in short order. Even though the Commonwealth sometimes waives its sovereign immunity for chapter 151B claims in federal court, *Adams v. Mass. Dep't of Revenue*, 510 F. Supp. 2d 157, 159-61 (D. Mass. 2007), no such waiver exists here, particularly since the Commonwealth has raised its sovereign immunity defense early on. *See Marsolais v. Mass. Dep't of Correction*, 2002 WL 373305, at *4 (D. Mass. Mar. 7, 2002) ("Massachusetts has not waived its sovereign immunity or otherwise consented to suit in federal court [for claims] arising under . . . [chapter] 151B.") (citing *Rivera v. Mass.*, 16 F. Supp. 2d 84 (D. Mass. 1998)).

The court also believes that Plaintiff's breach of contract cause of action (Count II) should meet the same fate. "Massachusetts has not consented to suit in federal court for contract claims. *See* Mass. Gen. Laws ch. 258, § 12 ('Claims against the commonwealth, except as otherwise expressly provided in this chapter or by any general or special provision of law, may be enforced in the *superior* court.')." *McGuigan*, 629 F. Supp. 2d at 83 (emphasis added by court). *See also Irwin v. Comm'r of Dep't of Youth Servs.*, 448 N.E.2d 721, 727 (Mass. 1983) ("Applying our rules governing statutory waiver of governmental immunity, we find in the terms of G.L. c.

258, neither an express nor a necessarily implicit consent by the Commonwealth to suit in Federal courts."). And no exception to that general rule has been raised by Plaintiff.

Before concluding, the court adds one point. "With respect to Chapter 151B, the Massachusetts legislature [has] clearly intended to waive immunity in *state* court." *Adams*, 510 F. Supp. 2d at 159 (emphasis added). The same appears true with respect to breach of contract claims against the Commonwealth. *See McGuigan*, *supra*. *See also J. A. Sullivan Corp. v. Commonwealth*, 494 N.E.2d 374, 377 (Mass. 1986) (describing chapter 258's waiver of sovereign immunity for contract claims in *state* court). Plaintiff, therefore, may be able to raise her chapter 151B and breach of contract claims in an appropriate state forum, even though this court believes that she is precluded from doing so here. *See Massachusetts Hosp. Ass'n*, 500 F. Supp. 2d at 1278 ("[I]t is well settled that in the absence of a clear declaration of consent to suit in federal court, a state's consent to actions in its own courts will not be held to abrogate its Eleventh Amendment immunity.") (citing cases). Accordingly, the court will not recommend, as Plaintiff suggests at the end of her brief, that she be given yet another opportunity to amend her complaint here.

## IV. CONCLUSION

In the court's view, Plaintiff has not borne her burden of demonstrating that this federal court has jurisdiction over her claims. For the reasons stated, therefore, the court recommends that Defendant's motion to dismiss be ALLOWED.[2]

---

[2] The parties are advised that under the provisions of Fed. R. Civ. P. 72(b) or Fed. R. Crim. P. 59(b), any party who objects to these findings and recommendations must file a written objection with the Clerk of this Court **within fourteen (14) days** of

DATED: September 10, 2010

        /s/   Kenneth P. Neiman
KENNETH P. NEIMAN
U.S. Magistrate Judge

---

the party's receipt of this Report and Recommendation.  The written objection must specifically identify the portion of the proposed findings or recommendations to which objection is made and the basis for such objection.  The parties are further advised that failure to comply with this rule shall preclude further appellate review by the Court of Appeals of the District Court order entered pursuant to this Report and Recommendation.  *See Keating v. Sec'y of Health & Human Servs.*, 848 F.2d 271, 275 (1st Cir. 1988); *United States v. Valencia-Copete*, 792 F.2d 4, 6 (1st Cir. 1986); *Scott v. Schweiker*, 702 F.2d 13, 14 (1st Cir. 1983); *United States v. Vega*, 678 F.2d 376, 378-79 (1st Cir. 1982); *Park Motor Mart, Inc. v. Ford Motor Co.*, 616 F.2d 603, 604 (1st Cir. 1980).  *See also Thomas v. Arn*, 474 U.S. 140, 154-55 (1985).  A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.